UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA LANGER,

    Plaintiff,

v.                                            Case No. 8:17-cv-2781-T-AEP

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.
_____/

## **ORDER**

Plaintiff seeks judicial review of the denial of her claim for Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and failed to employ proper legal standards, the Commissioner's decision is reversed and remanded.

**I.**

**A.    Procedural Background**

Plaintiff filed an application for SSI (Tr. 188-93). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 77-113, 116-28). Plaintiff then requested an administrative hearing (Tr. 129-31). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 56-76). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 20-41). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-7). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**B.     Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1967, claimed disability beginning March 1, 2006 (Tr. 188). Plaintiff obtained less than a high school education (Tr. 61, 214). Plaintiff presented no past relevant work experience (Tr. 35, 59). Plaintiff alleged disability due to spinal nerve damage bilaterally in the lower extremities, damage to lumbar discs, chronic pain, COPD, emphysema, breathing problems, history of stroke, history of pulmonary embolism in the lungs, Factor V deficiency, hepatitis C conditions, depression, anxiety, mood swings, crying spells, upper weakness in left arm, history of stroke, history of blood clotting in lungs, and obesity (Tr. 213).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since October 22, 2014, the application date (Tr. 25). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: morbid obesity, disorders of the spine, lymphedema with history of pulmonary embolism, chronic obstructive pulmonary disease, history of cardiac failure, osteoarthritis, and major depressive disorder (Tr. 25). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 26). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform work with the following limitations: could lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for three hours and sit for six hours in an eight-hour workday; push and/or pull with lower extremities, including foot controls; occasionally climb ramps and stairs but never climb ladders or scaffolds; occasionally balance, stoop, kneel, crouch, or crawl; tolerate frequent exposure to extreme heat, extreme cold, wetness, humidity, vibration, fumes, odors, gasses, and poor ventilation; tolerate occasional exposure to hazards such as moving mechanical parts of equipment, tools, or

machinery; understand, carry out and remember simple instructions in two-hour increments sufficiently enough to complete an eight-hour workday in an environment that does not involve assembly-line pace; and tolerate occasional changes in the work setting and occasional interaction with the public (Tr. 29). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 34).

Plaintiff demonstrated no past relevant work, a limited education, and an ability to communicate in English (Tr. 35). Given Plaintiff's background and RFC, the vocational expert ("VE") testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as an office helper, a mail clerk, and a photocopy editor (Tr. 35-36, 75). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 36).

## II.

To be entitled to benefits, a claimant must be disabled, meaning the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920.[1] If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given

---

[1] The cited references to the regulations pertain to those in effect at the time the decision was rendered October 3, 2016.

to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*).

**III.**

Plaintiff argues that the ALJ erred by (1) failing to properly consider Plaintiff's subjective complaints; (2) failing to properly consider the medical opinions; and (3) failing to properly determine Plaintiff's RFC. Plaintiff also argues that the evidence submitted to the Appeals Council warranted remand. For the following reasons, the ALJ failed to apply the correct legal standards, and the ALJ's decision is not supported by substantial evidence.[2]

**A.     Subjective Complaints**

Plaintiff argues that the ALJ improperly considered her subjective complaints. In addition to the objective evidence of record, the Commissioner must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted

---

[2] Plaintiff sets forth several other bases for error by the ALJ, but the Court will only address the issues warranting discussion regarding the directives for the ALJ on remand. Upon remand, however, the ALJ may want to consider the other arguments raised by Plaintiff in this action.

as consistent with the objective evidence and other evidence. *See* 20 C.F.R. § 416.929. To establish a disability based on testimony of pain and other symptoms, the claimant must show evidence of an underlying medical condition and either (1) objective medical evidence confirming the severity of the alleged symptoms or (2) that the objectively determined medical condition can reasonably be expected to give rise to the alleged symptoms. *Wilson*, 284 F.3d at 1225 (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see* 20 C.F.R. § 416.929. When the ALJ discredits the claimant's subjective testimony, the ALJ must articulate explicit and adequate reasons for doing so. *Wilson*, 284 F.3d at 1225. A reviewing court will not disturb a clearly articulated credibility finding regarding a claimant's subjective complaints supported by substantial evidence in the record. *Foote v. Chater,* 67 F.3d 1553, 1562 (11th Cir. 1995) (*per curiam*) (citation omitted).

As Plaintiff contends, in considering Plaintiff's subjective complaints, the ALJ relied upon Plaintiff's lack of medical treatment as a primary reason for finding Plaintiff's subjective complaints inconsistent with the evidence, stating:

> The claimant's medical history is not necessarily consistent with her allegations of disability, as the record does not reflect the level of medical treatment one would expect for a disabled individual. For instance, the claimant rarely sought or received treatment, and the treatment received was relatively conservative. In addition, the claimant takes medication for the alleged impairments, which weighs in the claimant's favor, but the limited medical record reveals that when compliant, the medications have been relatively effective in controlling the claimant's symptoms. Further, the medical evidence of record consistently indicated relatively normal to mild examination findings, as discussed in detail above.

(Tr. 34). At the outset of the administrative hearing, however, Plaintiff's representative indicated that Plaintiff only recently obtained medical insurance, so she went to several doctors in close temporal proximity to the hearing (Tr. 45-50, 54-55, 58). During the hearing, Plaintiff reiterated that she previously did not have insurance, but, since she just obtained insurance, she could see her primary doctor more and get the referrals that she needed (Tr. 67). Plaintiff also

stated that, during her recent treatment with Dr. Sreenivas Vangara, she discussed her treatment for Hepatitis C, and Dr. Vangara informed Plaintiff that her insurance would not pay for the treatment she needed (Tr. 68-69). Furthermore, earlier in the application process, Plaintiff indicated that she did not have the insurance coverage needed for her medical conditions, including coverage for mental evaluations and consultations required for her conditions (Tr. 252).

Poverty excuses noncompliance with medical treatment. *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988). Indeed, although a remediable or controllable medical condition is generally not disabling, "when a claimant cannot afford the prescribed treatment and can find no way to obtain it, the condition that is disabling in fact continues to be disabling in law." *Id.* (citation and internal quotation marks omitted). Here, the ALJ appears to have relied heavily upon Plaintiff's lack of medical treatment and lack of compliance with medication as the basis for discounting Plaintiff's subjective complaints. Though the ALJ made a cursory reference to Plaintiff's statement regarding her lack of insurance coverage for mental health treatment (Tr. 30), the decision does not reflect that the ALJ took into account Plaintiff's ability to afford treatment or medication in considering Plaintiff's subjective complaints.

The Commissioner's argument that the ALJ's other reasons for finding Plaintiff's subjective complaints inconsistent with the evidence of record provide substantial evidence for the ALJ's finding does little to persuade the Court that the ALJ properly considered Plaintiff's subjective complaints. For example, the ALJ stated that she considered Plaintiff's daily activities, which the Commissioner notes included riding in a car, wiping down a table while sitting, and shopping with help from her daughter (Tr. 27, 229-30, 268-69). An ALJ may certainly consider a claimant's daily activities in assessing the RFC. SSR 96-8p, 1996 WL 374184 (S.S.A. July 2, 1996); SSR 16-3p, 2016 WL 1119029 (S.S.A. Mar. 16, 2016) (as

amended); 20 C.F.R. §§ 416.929(c)(3)(i), 416.945(a)(3). Here, however, the ability to ride in a car or wipe down a table while sitting hardly supports a finding that Plaintiff could perform a reduced range of light work 5 days per week for 8 hours per day.

Furthermore, as the Commissioner notes, the ALJ cited to Plaintiff's purported inconsistent statements regarding matters relevant to her application in considering Plaintiff's subjective complaints (Tr. 34). In considering such inconsistent statements, the ALJ acknowledged that the inconsistencies might not be the result of a conscious intention to mislead, yet the ALJ still held such statements against Plaintiff regarding her accuracy and reliability (Tr. 34). Indeed, the main inconsistency noted by the ALJ related to discrepancies between the date Plaintiff stopped working, her onset date, and her application date (Tr. 34). In the same discussion, however, the ALJ acknowledged that Plaintiff testified that her boyfriend previously provided her with financial support (Tr. 34, 63-64), a statement which would tend to explain the discrepancy highlighted by the ALJ. Accordingly, given the foregoing, this matter should be remanded for further consideration. Upon remand, the ALJ should reconsider Plaintiff's subjective complaints and, when doing so, take into consideration Plaintiff's ability to afford treatment and medication.

### B. Medical Opinions

Plaintiff also contends that the ALJ failed to properly consider the opinions of several medical sources, including Dr. Nicholas Gehle, Dr. Ghaith Kashlan, and Dr. Kamlesh Bajpai. When assessing the medical evidence, the ALJ must state with particularity the weight afforded to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citation omitted). The Social Security regulations provide guidelines for the ALJ to employ when evaluating medical opinion evidence. *See* 20 C.F.R. § 416.927. In determining the weight to afford a medical opinion, the ALJ considers a variety of

factors including but not limited to the examining relationship, the treatment relationship, whether an opinion is well-supported, whether an opinion is consistent with the record, and the area of the doctor's specialization. 20 C.F.R. § 416.927(c). For instance, the more a medical source presents evidence to support an opinion, such as medical signs and laboratory findings, the more weight that medical opinion will receive. 20 C.F.R. § 416.927(c)(3). Further, the more consistent the medical opinion is with the record, the more weight that opinion will receive. 20 C.F.R. § 416.927(c)(4). Typically, the ALJ must afford the testimony of a treating physician substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (*per curiam*) (citation omitted). Good cause exists where: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the physician's own medical records. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). In fact, the ALJ may reject any opinion when the evidence supports a contrary conclusion. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*).

### i. Dr. Gehle and Dr. Kashlan

Plaintiff first argues that the ALJ improperly afforded only partial weight to the opinions of Dr. Gehle and Dr. Kashlan, two consultative examiners. In considering Dr. Gehle's and Dr. Kashlan's opinions, the ALJ stated:

> On August 5, 2013, the claimant met with Nicholas Gehle, Psy.D., for a consultative examination. On examination, Dr. Gehle noted a limp, ambulation with a cane, but no tremors. Dr. Gehle also indicated below average intelligence, but otherwise relatively normal mental status findings. Dr. Gehle assessed diagnoses of major depressive disorder, and panic disorder without agoraphobia. Dr. Gehle opined the claimant's mental health symptoms had a moderate impact on activities of daily living, vocational performance, and interpersonal interactions. The undersigned gives Dr. Gehle's assessment partial weight, as it is generally consistent with the overall record showing the claimant has depression and anxiety, which affects her ability to perform tasks, interact

9

> socially at work, and maintain a schedule and pace, as discussed above. However, the undersigned notes that Dr. Gehle's assessment did not contain a function-by-function analysis of the claimant's impairments and limitations. The undersigned gives similar weight [to] the November 24, 2014 assessment by Dr. Gehle, for the same reasons. There is no evidence that the ca[n]e was prescribed or medically necessary.
>
> \*\*\*
>
> On April 1, 2015, the claimant met with Ghaith Kashlan, M.D., for a consultative examination. Dr. Kashlan indicated a weight of 320 pounds, difficulty getting on and off the exam table, dyspnea, unsteady gait, spine tenderness, paraspinal muscle tenderness, inability to stand on one leg, and an inability to squat, but otherwise relatively normal findings including no edema, normal sensation, normal manipulation and normal reflexes. Dr. Kashlan assessed diagnoses of dyspnea on exertion, chronic low back pain, hypercoagulable status with history of factor V deficiency and pulmonary embolism, morbid obesity, possible hepatitis C, and depression/anxiety. The undersigned gives Dr. Kashlan's assessment partial weight as it is generally consistent with the overall record regarding the claimant's physical impairments. However, the undersigned notes that Dr. Kashlan's assessment relied on claimant's subjective reports of limitations, and did not contain a function-by-function analysis of the claimant's impairments and limitations.

(Tr. 32) (internal citations omitted). As indicated, the ALJ afforded partial weight to the opinions of Dr. Gehle and Dr. Kashlan, either in part or in whole, based on the lack of a function-by-function analysis (Tr. 32, 502-05, 635-38, 652-61).

Plaintiff asserts that the ALJ should not have discounted the opinions of Dr. Gehle and Dr. Kashlan on this basis and, instead, should have recontacted Dr. Gehle and Dr. Kashlan to have each submit an RFC assessment. The decision to recontact a medical source or to order a consultative examination remains within the discretion of the Commissioner. *See, generally,* 20 C.F.R. § 416.920b(c). If the evidence is consistent but the Commissioner does not have sufficient evidence to determine whether a claimant is disabled, or, if after weighing the evidence, the Commissioner determines that a conclusion cannot be reached about whether the claimant is disabled, the Commissioner will determine the best way to resolve the inconsistency

or insufficiency, including recontacting a treating physician or medical source or asking the claimant to undergo a consultative examination. 20 C.F.R. § 416.920b(c)(1) & (3).

In this instance, the Social Security Administration ordered the consultative examinations with Dr. Gehle and Dr. Kashlan, presumably based upon the insufficiency of the evidence of record. If the opinions provided by Dr. Gehle and Dr. Kashlan proved deficient, it was incumbent upon the ALJ to recontact them to obtain the necessary information. Accordingly, to the extent that the ALJ determines upon remand that the opinions of Dr. Gehle or Dr. Kashlan are insufficient, the ALJ should recontact Dr. Gehle or Dr. Kashlan to seek additional evidence, such as an RFC assessment.

### iii. Dr. Bajpai

Plaintiff next contends that the ALJ should have considered Dr. Bajpai's contribution to Plaintiff's application for a disabled person parking permit (Tr. 795). On the application, Dr. Bajpai certified that Plaintiff was a disabled person with a permanent disability that limits or impairs her ability to walk 200 feet without stopping to rest (Tr. 795). Dr. Bajpai indicated Plaintiff's need for the disabled person permit arose from a severe limitation in her ability to walk due to an arthritic, neurological, or orthopedic condition (Tr. 795).

Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of a claimant's impairment(s), including symptoms, diagnosis and prognosis, what a claimant can still do despite impairment(s), and physical or mental restrictions. 20 C.F.R. § 416.927(a)(2). Statements by a medical source that a claimant is "disabled" or "unable to work" constitute opinions on issues reserved to the Commissioner and do not direct that a finding of disabled is warranted. 20 C.F.R. § 416.927(d)(1); *see Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877-78 (11th Cir. 2013) (stating that it is the Commissioner, not a claimant's

physician, who determines whether a claimant is statutorily disabled, and a statement by a medical source that a claimant is disabled does not mean that the Commissioner will conclude a claimant is disabled). The Commissioner need not afford any special significance to the source of such an opinion because the determination of disability and ability to work remain issues reserved to the Commissioner. 20 C.F.R. § 416.927(d)(1) & (3).

In this instance, the ALJ did not need to afford any significance to Dr. Bajpai's opinion that Plaintiff was disabled. The ALJ, however, should have considered Dr. Bajpai's opinion that Plaintiff's impairments permanently limited her ability to walk 200 feet without stopping to rest (Tr. 795). Indeed, such opinion reflects Dr. Bajpai's judgment regarding the severity of Plaintiff's impairments, what Plaintiff can still do despite such impairments, and her physical restrictions. 20 C.F.R. § 416.927(a)(2). Although the opinion appeared in a checklist format, such opinion warrants consideration, especially as it appears to find support in Dr. Bajpai's findings upon examination (*see,* Tr. 765-76). Accordingly, upon remand, the ALJ should address Dr. Bajpai's opinion that Plaintiff was permanently limited in her ability to walk 200 feet without stopping to rest.

**C.    RFC**

Plaintiff additionally contends that the ALJ failed to include both physical and mental limitations supported by the record. At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *See* 20 C.F.R. § 416.920(a)(4)(iv), 416.945. To determine a claimant's RFC, an ALJ makes an assessment based on all the relevant evidence of record as to what a claimant can do in a work setting despite any physical or mental limitations caused by the claimant's impairments and related symptoms. 20 C.F.R. § 416.945(a)(1). In rendering the RFC, therefore, the ALJ must consider the medical opinions in conjunction with all the other evidence of record and will consider all

the medically determinable impairments, including impairments that are not severe, and the total limiting effects of each. 20 C.F.R. § 416.920(e), 416.945(a)(2) & (e); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (stating that the "ALJ must consider the applicant's medical condition taken as a whole"). In doing so, the ALJ considers evidence such as the claimant's medical history; medical signs and laboratory findings; medical source statements; daily activities; evidence from attempts to work; lay evidence; recorded observations; the location, duration, frequency, and intensity of the claimant's pain or other symptoms; the type, dosage, effectiveness, and side effects of any medication or other treatment the claimant takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms; any measures the claimant uses or has used to relieve pain or symptoms; and any other factors concerning the claimant's functional limitations and restrictions. SSR 96-8p, 1996 WL 374184 (S.S.A. July 2, 1996); SSR 16-3p, 2016 WL 1119029 (S.S.A. Mar. 16, 2016) (as amended); 20 C.F.R. §§ 416.929(c)(3)(i)-(vii), 416.945(a)(3).

Plaintiff argues that the ALJ failed to include limitations in the RFC and the hypothetical to the VE relating to Plaintiff's use of a cane and walker, need to elevate her leg throughout the day, and moderate difficulties in social functioning and in concentration, persistence, and pace. Given the foregoing findings, the ALJ will necessarily need to reconsider Plaintiff's RFC and the limitations contained therein.

### D. Appeals Council

Finally, Plaintiff contends that the evidence submitted to the Appeals Council warranted remand to the ALJ. If a claimant is dissatisfied with a hearing decision, the claimant may request that the Appeals Council review the action. 20 C.F.R. § 416.1467. When a claimant appeals an ALJ's decision to the Appeals Council, "[t]he Appeals Council must consider new,

material, and chronologically relevant evidence and must review the case if the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Ingram*, 496 F.3d at 1261 (internal quotation and citation omitted); *see* 20 C.F.R. § 416.1470(b). Thereafter, review by a federal district court requires consideration of evidence not initially submitted to the administrative law judge but considered by the Appeals Council in order to determine whether that new evidence renders the denial of benefits erroneous. *See Ingram*, 496 F.3d at 1258, 1262. A remand under sentence four is warranted when a claimant submits new evidence to the Appeals Council, which the Appeals Council does not adequately consider in denying the claimant's request for review. *Timmons v. Comm'r of Soc. Sec.*, 522 F. App'x 897, 902 (11th Cir. 2013) (citing *Ingram*, 496 F.3d at 1268); *see also Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1321 (11th Cir. 2015) (stating that, "when the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate."). Accordingly, "[t]o obtain a sentence four remand, the claimant must show that, in light of the new evidence submitted to the Appeals Council, the ALJ's decision to deny benefits is not supported by substantial evidence in the record as a whole. *Timmons*, 522 F. App'x at 902 (citing *Ingram*, 496 F.3d at 1266-67).

Where the evidence submitted by the claimant is "new, material, and chronologically relevant," the Appeals Council must consider it. *Ingram*, 496 F.3d at 1261; *see* 20 C.F.R. § 416.1470(b). "Evidence is considered 'material' when it is 'relevant and probative so that there is a reasonable possibility that it would change the administrative result.'" *Stone v. Soc. Sec. Admin.*, 658 F. App'x 551, 553 (11th Cir. 2016) (quoting *Milano v. Bowen*, 809 F.2d 763, 766 (11th Cir. 1987)). Further, evidence is considered chronologically relevant when it relates to the period on or before the date of the ALJ's decision. *Horowitz v. Comm'r of Soc. Sec.*, 688

F. App'x 855, 864 (11th Cir. 2017) (citing *Washington*, 806 F.3d at 1322)); 20 C.F.R. § 416.470(b).

In this instance, Plaintiff submitted treatment notes from Dr. Vangara and Dr. Siddharth Shah to the Appeals Council (Tr. 45-55). As Plaintiff asserts, the evidence supplied was both new and chronologically relevant, as all of the treatment occurred prior to the ALJ's decision and did not already appear in the record (Tr. 23-36, 45-55). Given the finding above regarding the ALJ's focus upon Plaintiff's lack of medical treatment without consideration of Plaintiff's inability to afford treatment prior to obtaining insurance, such new evidence may also therefore prove material. As such, the ALJ should consider the evidence from Dr. Vangara and Dr. Shah upon remand.

## IV.

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is REVERSED and the matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings consistent with this Order.

2. The Clerk is directed to enter final judgment in favor of Plaintiff and close the case.

DONE AND ORDERED in Tampa, Florida, on this 26th day of March, 2019.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record